UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 18-142 |
| SAMUEL LUCK | SECTION: "S" (2) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Indictment** (Rec. Doc. 34) filed by the defendant is **DENIED**.

The indictment in this case alleges that defendant Samuel Luck unlawfully possessed a firearm after a conviction for a "misdemeanor crime of domestic violence," in violation of 18 U.S.C. 922 (g)(9). Luck argues that the alleged predicate offense, his 2005 assault conviction, does not qualify as a predicate offense under Title 18 § 921, and the indictment should therefore be dismissed. The Government opposes the motion. For the reasons set forth below, the motion is denied.

**FACTUAL BACKGROUND**

On January 21, 2005, Luck was convicted on a plea of guilty in the McLean District Court in the Commonwealth of Kentucky of violation of "KRS [Kentucky Revised Statute] 508.030, Assault 4th, a class A misdemeanor." Under that provision, "[a] person is guilty of assault in the fourth degree when: (a) He intentionally or wantonly causes physical injury to another person; or (b) With recklessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument." KRS 508.030. The criminal complaint for the

Kentucky conviction was based upon an affidavit stating "Defendant unlawfully: caused physical injury to his wife, by striking her in the face and back. Violation of KRS 508.030."

On June 28, 2018, the indictment in the instant case was returned against the defendant alleging he possessed a firearm on June 13, 2018, after having been convicted of a "misdemeanor crime of domestic violence," specifically "a conviction on January 21, 2005, in case number 04-M-00171, in McLean District Court, state of Kentucky, for Assault in the Fourth Degree, in violation of K.R.S. 508.030." The Government further contends that prior to his June 2018 arrest, Luck was observed by Lafourche Parish Sheriff's Office Deputies placing his hand close to his firearm in a holster on his hip when he encountered deputies. He had previously spit near an officer's vehicle and painted a large table top to read "LPSO = cowards" and posted it on his property. Luck was also previously convicted of perjury in Kentucky.

## APPLICABLE LAW

Title 18, section 922(g)(9) makes it "unlawful for any person ...who has been convicted in any court of a misdemeanor crime of domestic violence ... [to] possess in or affecting commerce, any firearm or ammunition." Section 921(a)(33)(A) defines "misdemeanor crime of domestic violence" as follows:

> [T]he term "misdemeanor crime of domestic violence" means an offense that— (i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

**DISCUSSION**

In Luck's motion to dismiss the indictment, he argues that his predicate conviction, for "Assault in the Fourth Degree under 508.030," does not include as an element a requirement that the use of force must be against a specific person such as those listed in Title 18 § 921. He further argues that while he was arrested and charged with a code designating his offense as a domestic violence offense (UOR Code 798), the proper code for his conviction was recently revised because of a clerical error to UOR 795, non-domestic violence, on his motion (filed after the instant indictment). Thus, it is his contention that the 2005 conviction does not qualify as a predicate offense for 18 § 921. However, he remains convicted for assault in the 4th degree, and he does not dispute that the assault in question was upon his then-wife.

The government contends that because the defendant was convicted of a crime of violence whose victim was the defendant's wife, it is immaterial for purposes of establishing the conviction as a predicate offense that the violation did not specifically include as an element that the victim was one listed in 921(a)(33)A. In other words, the government argues that the predicate conviction need not be for "domestic violence" per se, but for "general" violence, so long as the victim was a former spouse. In so arguing, the government relies on the Supreme Court's ruling in United States v. Hayes, 555 U.S. 415 (2009). In that case, Justice Ginsburg stated:

> The definition of "misdemeanor crime of domestic violence," contained in § 921(a)(33)(A), is at issue in this case. Does that term cover a misdemeanor battery whenever the battered victim was in fact the offender's spouse (or other relation specified in § 921(a)(33)(A))? Or, to trigger the possession ban, must the predicate misdemeanor identify as an element of the crime a domestic relationship between

aggressor and victim? We hold that the domestic relationship, although it must be established beyond a reasonable doubt in a § 922(g)(9) firearms possession prosecution, need not be a defining element of the predicate offense.

Id. at 418.

The foregoing establishes that for an offense to qualify as a predicate domestic violence offense for § 921, it is not necessary for the domestic relationship to be a specific element of the convicted offense, but only that the offense be committed by a person who had the specific domestic relationship with the victim. Put another way, the answer to Justice Ginsburg's query, "Does 'misdemeanor crime of domestic violence' cover a misdemeanor battery whenever the battered victim was in fact the offender's spouse?", is yes. It is undisputed that that is the situation in the present case.

With regard to defendant's argument that the Hayes rule applies only to cases in which a defendant was charged and convicted in a state with only a generic assault and/or battery statute, not a specific domestic violence statute, the court disagrees. While it is true that the Hayes case arose in that context, there is no language in the opinion limiting it to that situation. To the contrary, the opinion specifically acknowledges that even in states which do have criminal statutes specifically proscribing domestic violence, "domestic abusers were (and are) routinely prosecuted under generally applicable assault or batter laws." 129 S. Ct. 1087. The Court went on to state "we find it highly improbable that Congress meant to extend § 922(g)(9)'s firearm possession ban only to the relatively few domestic abusers prosecuted under laws rendering a domestic relationship an element of the offense." Id. at 1087-88.

Defendant also invokes Shepard v. United States, 544 U.S. 13 (2004), to argue that in

4

determining whether a prior conviction constituted a predicate offense under the Armed Career Criminal Act, courts may not resolve disputed findings of fact about what the defendant and the state judge must have understood as the factual basis of the prior plea. However, this argument is inapplicable in the present case because there are no disputed findings of fact to be resolved regarding the prior plea – it is undisputed that Luck pled guilty to misdemeanor assault, and the victim of Luck's assault was his wife.

    Accordingly, the prior conviction constitutes a predicate act for purposes of 18 U.S.C. § 921, and defendant's motion is hereby **DENIED**.

    New Orleans, Louisiana, this 22nd day of January, 2019.

    _____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**