UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 18-142 |
| SAMUEL RAY LUCK | SECTION: "S" (2) |

**ORDER AND REASONS**

Following a conference held in chambers, the court took under advisement defense counsel's request for a jury charge adding a *mens rea* element to the charge for possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence. Specifically, the defense seeks a charge instructing the jurors that at the time of the possession in question, defendant knew that he was barred from possessing a firearm due to his previous domestic violence conviction.

Having considered the argument of counsel and relevant law, the court declines to add the requested charge. In United States v. Dancy, the Fifth Circuit considered the knowledge requirement in cases brought under Title 18, section 922(g)(1), which makes it unlawful for a convicted felon to possess a firearm. 861 F.2d 77, 80 (5th Cir. 1988). The Dancy court noted:

> Section 922(g) is a consolidation of former 18 U.S.C. §§ 922(d), 922(g), 922(h), and 1202. Like the provisions it supersedes, § 922(g) contains no element of *mens rea*. Courts instead interpreted its predecessors to require for conviction proof that the defendant knowingly received, transported, or possessed a firearm; the defendant's knowledge of the weapon's interstate nexus or of his felon status was irrelevant.

Id. at 80-81 (citations omitted).

The Dancy court went on to address the 1986 amendment to 18 U.S.C. § 924, the penalty provision applicable to § 922, which expressly provides that whoever "knowingly" violates § 922(g) is subject to a fine and imprisonment. 18 U.S.C. 924(a)(1)(B). The Fifth Circuit specifically found that the term "knowingly" applies only to the possession of a firearm, and does not require either that he know that it had an interstate nexus and that he was a felon. The Dancy court grounded its decision on the legislative history of the amendment:

> It is clear from the legislative history of amended § 924(a)(1)(B) that Congress intended to incorporate former law when it expressly introduced the knowledge element. See H.R.Rep. No. 99-495, 99 Cong., 2d Sess. 25-26, reprinted in 1986 U.S. Code Cong. and Ad. News 1327, 1351-52 ("Case law interpreting the criminal provisions of the Gun Control Act have required that the government prove that the defendant's conduct was knowing, but not that the defendant knew that his conduct was in violation of law . . . . It is the Committee's intent, that unless otherwise specified, the knowing state of mind shall apply to circumstances and results.").

Id. at 81.

The Fifth Circuit reiterated this conclusion in United States v. Butler, 637 F.3d 519, when it concluded that a dishonorable dischargee, prohibited from possessing firearms under § 922(g)(6), who had not actually received his discharge papers, need not know of his prohibited status to violate 922(g)(6). 637 F.3d at 524. Further, similar to the argument of defense counsel herein -- that convicted felons are more likely to be aware of their status than someone merely convicted of misdemeanor domestic violence – the Butler defense argued that Butler's case was distinguishable from a (g)(1) case because convicted felons presumably know that they have been

2

convicted, whereas Butler was never notified of his dischargee status. Id. at 524. The Fifth Circuit rejected that argument on two grounds:

> First, the holding in Dancy was based on the legislative history of § 922(g), not on the fact that Dancy had notice of his felon status. Second, a dischargee does not have significantly less notice of his status than a felon. Like criminal convictions, military discharges entail extensive process, including military sentencing and appellate review procedures."

Id.

Likewise, in the present case, Fifth Circuit precedent and the legislative history of the statute dictate a finding that a *mens rea* element is not required as to defendant's convict status. As well, defendant's conviction took place after formal proceedings in which he was represented by counsel. Accordingly, there is no reason to depart from the holdings in Dancy and Butler.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's request for a *mens rea* charge is **DENIED**.

New Orleans, Louisiana, this 5th day of April, 2019.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE