UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 18-142 |
| SAMUEL RAY LUCK | SECTION: "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for New Trial** (Rec. Doc. 81) is **GRANTED**.

Defendant, Samuel Ray Luck, was indicted for one count of possession of a firearm by a person having been previously convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). The indictment alleged that Mr. Luck, "did knowingly possess in and affecting interstate commerce a firearm...." It did not allege that at the time that he possessed the firearm Luck was aware that he had been convicted of a misdemeanor crime of domestic violence. Prior to trial, Luck argued that the government was required to prove that Luck knew of his status as a prohibited person under § 922(g) before he could be found guilty of the charged offense. Defense counsel submitted proposed jury instructions to reflect that requirement. The government opposed the proposed scienter jury instruction, and advocated for an explicit instruction that scienter was not required.

Relying on then-controlling law in United States v. Dancy, 861 F.2d 77 (5th Cir. 1988) and United States v. Butler, 637 F.3d 519 (5th Cir. 2011), the court found that an instruction that

scienter was required was not appropriate. However, the court offered the government the option to continue the trial of this matter in light of the fact that the Supreme Court of the United States had granted certiorari in an Eleventh Circuit case raising this precise issue. Rehaif v. United States, 139 S. Ct. 914 (Jan. 11, 2019). The government chose to go forward, and trial commenced on April 8, 2019. At the close of evidence, the court instructed the jury, in conformity with then-prevailing law, as follows: "The government must only prove the defendant knew he possessed a firearm, but not that defendant had knowledge of his status as person prohibited from possessing firearm." The jury returned a guilty verdict.

On June 21, 2019, in Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019), the Supreme Court stated: "We hold that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."

Following the decision in Rehaif, defendant filed the instant motion for new trial. While acknowledging the holding in Rehaif, the government argues the erroneous jury instruction constituted harmless error.

It is undisputed that a criminal defendant is entitled by the Sixth and Fourteenth amendments to a jury determination that he is guilty beyond a reasonable doubt of every element of the crime with which he is charged. Apprendi v. New Jersey, 530 U.S. 466, 476-77 (2000) (citing United States v. Gaudin, 515 U.S. 506, 510 (1995); Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); In re Winship, 397 U.S. 358 (1970)).

In Luck's case, not only was the scienter element required by Rehaif not considered by the jury, the jury was affirmatively charged that it was not required. Thus, there was no jury determination that Luck was guilty beyond a reasonable doubt of every element of the crime charged. While it is true that an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or a verdict unreliable, Neder v. United States, 527 U.S. 1, 9 (1999), "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24(1967).

In this case, the court cannot conclude that the erroneous jury charge, which specifically excluded an element of the offense that the defendant has maintained the government cannot prove since the inception of this litigation, was harmless beyond a reasonable doubt. Accordingly, the court having found that justice so requires, pursuant to Federal Rule of Criminal Procedure 33(a),

**IT IS HEREBY ORDERED** that defendant's **Motion for New Trial** (Rec. Doc. 81) is **GRANTED**.

New Orleans, Louisiana, this 23rd day of August, 2019.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

3